WITSCHIEBEN v. GLYNN.

(Supreme Court, Appellate Division, First Department. April 4, 1913.)

1. PLEADING (§ 329*)—BILL OF PARTICULARS—FAILURE TO FURNISH—EXCLUDING EVIDENCE.

Where an order to plaintiff requiring a bill of particulars has not been complied with, an order to preclude evidence in support of the allegations as to which the order for particulars was made should be granted.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 995; Dec. Dig. § 329.*]

2. PLEADING (§ 347*)—JUDGMENT ON PLEADINGS—FAILURE TO FURNISH BILL OF PARTICULARS.

Where the complaint in an action of contract stated a good cause of action, it does not follow, from an order precluding evidence in support of the allegations as to which an order for particulars was made, that judgment upon the pleadings should be granted upon motion, since the questions sought to be raised thereby can be raised only upon the trial when it can be seen what effect thereby upon the cause of action the order to preclude will have.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 1052; Dec. Dig. § 347.*]

Appeal from Special Term, New York County.

Action by Frederick Witschieben against John T. Glynn. From an order denying a motion to preclude the plaintiff from offering certain evidence and for judgment on the pleadings, defendant appeals. Order reversed in so far as it denies the motion to preclude, and such motion granted, and affirmed in so far as it denies the motion for judgment on the pleadings.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Gustav Lange, Jr., of New York City, for appellant.

Olcott, Gruber, Bonynge & McManus, of New York City (David M. Kahn, of counsel), for respondent.

CLARKE, J. This is an appeal from an order of the Special Term denying a motion to preclude the plaintiff from offering any evidence upon the trial of this action in support of any part of the contract described in paragraph first of the complaint which is oral, and of which he was directed to serve a bill of particulars stating the substance thereof, and also denying a motion for judgment on the pleadings.

The complaint alleges in paragraph first:

"That heretofore and on or about the 24th day of May, 1912, F. W. Bussing Company, a foreign corporation, duly organized and existing under and by virtue of the laws of the state of New Jersey, and the defendant entered into an agreement in writing, whereby defendant agreed to have a schooner, owned by him, named 'George A. Lowry,' then lying at Jersey City, state of New Jersey, make a trip to Honduras and carry back to Jersey City a full cargo of cocoanuts, which cargo it was mutually agreed between defendant and F. W. Bussing Company the defendant should sell and deliver to F. W. Bussing Company, and F. W. Bussing Company should accept from defendant and pay for at the rate of $26 per thousand cocoanuts upon delivery thereof."

On the 2d of December, 1912, an order was entered directing the plaintiff to file and serve a verified bill of particulars. The bill verified December 6th and served in purported compliance thereof is as follows:

"The contract described in the complaint was entered into May 24, 1912, and is as follows."

Plaintiff then copies the first paragraph of the complaint, leaving out, however, the phrase "entered into an agreement in writing whereby," and then proceeds as in the complaint, and proceeds further:

"A memorandum in writing of said contract is contained in the following telegrams:

" 'Jersey City, May 24, 1912. J. T. Glynn * * * New Orleans, La. Still awaiting answer from San Domingo Bussing offers twenty-six for next cargo. Better go out and back if not sold by Monday. What is your advice? Wallace. Charge to F. W. Bussing Co.'

" 'New Orleans, La. May 24/12. Capt. Hugh Wallace, Care F. W. Bussing Co., Jersey City, N. J. I accept proposition to make another trip. * * * John T. Glynn.' "

Thereupon a motion was made to preclude the plaintiff from giving any evidence supporting the allegations of which he was ordered to give particulars, or in the alternative for judgment on the pleadings. The court on December 19th handed down an opinion:

"Motion to preclude is denied and plaintiff is directed to serve a further bill of particulars. Motion for judgment on the pleadings is also denied."

On which an order was entered on January 30, 1913, directing the plaintiff to file and serve a further verified bill of particulars in which he shall separately state whether the contract or contracts mentioned and described in paragraph 1 of the complaint are oral or in writing, or partly oral and partly in writing; second, if said contract or con-

tracts are in writing, that he set forth a copy thereof and state that the copy or copies set forth is or are copy or copies of said contract; third, that if said contract or contracts are oral that he states the substance thereof; fourth, that if the contract or contracts are partly oral and partly in writing, that he set forth the part in writing and state the substance of the part thereof which is oral. Whereupon he served a bill of particulars verified February 6th:

"First, the contract described in paragraph first of the complaint is both oral and in writing; second, the writings making up the said contract are contained in the following telegrams"—and putting in the telegrams already referred to.

Whereupon the defendant made a motion for an order precluding the plaintiff from offering any evidence upon the trial in support of any part of the contract described in paragraph first of the complaint which is oral and of which he was directed to serve a bill of particulars stating the substance thereof, and also for judgment upon the pleadings and the several bills of particulars, and for such other relief as may be proper, and from the order denying the motion this appeal is taken.

[1] It is quite evident that the order requiring the bill of particulars has not been complied with, and apparently with deliberation and intention. The order, therefore, to preclude the giving of testimony should have been granted.

[2] It does not follow, however, that judgment upon the pleadings could have been granted upon motion. The complaint as it stands sets up a good cause of action and nothing has been stricken therefrom. The questions sought to be raised here upon this part of the motion can only be raised upon the trial when it can be made to appear what effect upon the plaintiff's cause of action, as alleged in the complaint, the order to preclude will have.

The order appealed from should therefore be reversed in so far as it denies the motion to preclude, and that motion granted; and affirmed in so far as it denies the motion for judgment on the pleadings, without costs to either party. All concur.